1  Leslie A. Cohen, Esq. (SBN 93698)
   Leslie Cohen Law, P.C.
2  506 Santa Monica Blvd. Ste 200
   Santa Monica, CA 90401
3  Telephone: 310.394.5900
   Facsimile: 310.394.9280
4  leslie@lesliecohenlaw.com

5  Attorneys for Thomas Creed, Shari Creed,
   And Stephen Foreht

6

7

8                  **UNITED STATES BANKRUPTCY COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10                   **SAN FERNANDO VALLEY DIVISION**

11 In re

12    57 MARKET STREET LLC                    Case No. 1:09-bk-26620-GM

13       Debtor and Debtor in Possession      Chapter 11

14                                            **NOTICE OF MOTION AND MOTION TO
                                              DISMISS CHAPTER 11 CASE; MEMORANDUM
15                                            OF POINTS AND AUTHORITIES;
                                              DECLARATION OF THOMAS CREED**

16
                                              Date:   To be set by Court
17                                            Time:
                                              Place:
18 .

19

20    **PLEASE TAKE NOTICE** that at the time and place set by the court pursuant to the Application for

21 Order Setting Hearing on Shortened Notice, filed concurrently herewith, Tom Creed, Shari Creed, and

22 Stephen Foreht, comprising 67% of the ownership of 57 Market St. LLC ("57 LLC"), shall appear before the

23 Honorable Geraldine Mund, Judge for the United States Bankruptcy Court for the Central District of California

24 in Room 342 of the San Fernando Valley Division courthouse, 21401 Burbank Boulevard, Woodland Hills,

25 California 91367 and move this Court for an order dismissing the above-entitled chapter 11 case ("Bankruptcy

26 Case") ("Motion").

27    This Motion will be made on the grounds that Alex Martinez, the individual who filed the voluntary

28 chapter 11 petition on behalf of 57 LLC, did not have the requisite authority under state law, and the operating

1 | agreement of the LLC, to authorize the bankruptcy filing as required by the Supreme Court case <u>Price v. Gurney</u>, 324 U.S. 100 (1945).

3 | This Motion will be based upon this notice, the memorandum of points and authorities, declaration of Thomas Creed and exhibits filed concurrently with this Motion, all papers, records and documents filed in this case, and such evidence to be presented at the hearing on this Motion.

Dated: December 21, 2009                                    Leslie Cohen Law, PC


                                                                       */s/ Leslie A. Cohen*
                                                            Leslie A. Cohen
                                                            Counsel for Movants Tom Creed, Shari Creed, and
                                                            Stephen Foreht

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I. FACTS

57 Market St. LLC ("57 LLC") is a California limited liability company which owns real property located at 57 Market St. Venice, California ("Property"). See, ¶ 2 of Declaration of Thomas Creed filed with this Motion ("Tom Decl."). Thomas Creed ("Tom") and Sharon Creed ("Shari") are 62% members of 57 LLC; Stephen Foreht is a 5% member, and MAM Wealth Management Real Estate Fund, LP a Delaware Limited Partnership ("MAM") is a 33% member. Alex Martinez and Ian Mitchell are the partners of MAM. See, ¶ 3 of Tom Decl. See also, 57 LLC's operating agreement ("Operating Agreement"), a true and correct copy of which is attached as "Exhibit 1".

57 LLC could no longer make payments to the Property's three mortgagees, Bay Area, Chase Bank and MAM, respectively. See, ¶ 5 of Tom Decl. Bay Area commenced foreclosure on the Property and a trustee sale date was scheduled for December 11, 2009 ("Sale Date"). See, ¶ 5 of Tom Decl.

On December 7, 2009, four days before the Sale Date, Tom Creed, Shari Creed, and Stephen Foreht received a letter from MAM calling a meeting to be held on the next day, December 8, 2009, at noon ("Meeting") ("December 7th Notice"). See, ¶ 6 of Tom Decl. and "Exhibit 2", a true and correct copy of the December 7th Notice. In the December 7th Notice, MAM states that the purpose of the meeting was to "resolve the issue on the pending foreclosure of the property located at 57 Market St." See, Exhibit 2.

On December 8, 2009 at 11:20AM, Stephen Foreht emailed MAM on behalf of himself, Tom and Shari Creed notifying MAM that the Meeting was not authorized because the December 7th Notice was not given ten days in advance of the meeting as required by the Beverly-Killea Act, the governing law according to the Operating Agreement. See, ¶ 7 of Tom Decl.

On December 8, 2009 at 12:00PM, Ian Mitchell, Alex Martinez, and Rafael Sanchez, a partner of MAM Wealth Fund Management, LP, a related company of MAM, went forward with their Meeting. The resolutions adopted during the Meeting included removing Tom as President and Shari as CEO, installing Alex Martinez as President, and approving the filing of chapter 11 bankruptcy. See, ¶ 8 of Tom Decl. See also, a true and correct copy of the Minutes from the Meeting attached as "Exhibit 3".

On that same date, December 8, 2009, Alex Martinez filed the above-entitled bankruptcy case ("Bankruptcy Case") on behalf of 57 LLC.

## II. ARGUMENT

**A. The Bankruptcy Case must be dismissed because its filing was not properly authorized.**

A person filing a voluntary bankruptcy petition on a corporation's behalf must be authorized to do so, and the authorization must derive from state law. Price v. Gurney, 324 U.S. 100, 105-107 (1945). In Price, the bondholders, who were in control of the company, sought to foreclose on a lien on company property and successfully obtained judgment in a foreclosure proceeding. Id. at 101. A group of shareholders moved to set aside the judgment and the motion was denied. Id. at 102. Subsequently, the group of shareholders filed bankruptcy on the company's behalf. Id. The bondholders and the company filed motions to dismiss the petition on the grounds that the board of directors did not authorize the filing. Id. at 103. The district court dismissed the petition. The shareholders successfully appealed to the Sixth Circuit on the theory "that the directors have breached their trust and have caused the corporation to commit acts which are confiscatory of the stockholders' interests, that the corporation has a defense against or a remedy in alleviation of the foreclosure action which the directors refuse to invoke, and that therefore the stockholders under the familiar rules governing derivate actions may proceed on behalf of the corporation." Id. at 104.

The Supreme Court reversed the Sixth Circuit and affirmed the dismissal, holding that if a court "finds that those who purport to act on behalf of the corporation have not been granted authority by local law to institute the proceedings, it has no alternative but to dismiss the petition." Id. at 106. The Supreme Court explained that "[i]n absence of federal incorporation, that authority [to file bankruptcy on the corporation's behalf] finds its source in local law." Id. The Supreme Court further explained, "nowhere is there any indication that Congress bestowed on the bankruptcy court jurisdiction to determine that those who in fact do not have the authority to speak for the corporation as a matter of local law are entitled to be given such authority and therefore should be empowered to file a petition on behalf of the corporation." Id. at 107. Because the shareholders did not have authority to file the bankruptcy (Id. at 104), the bankruptcy case was properly dismissed. Id. at 107.

The petition in the instant case was filed by Alex Martinez, purporting to be the managing member of 57 LLC. As will be discussed below, Alex did not have the requisite authority under state law to file the petition, and therefore, the Bankruptcy Case must be dismissed.

### i. The Operating Agreement requires a unanimous vote of all members before bankruptcy can be filed and there was only a 33% vote in favor of filing bankruptcy.

Under California law, a limited liability company is governed by its articles of organization and operating agreement. Cal. Corp. Code §17005(a). 57 LLC's Operating Agreement states that "The Manager shall not have the right, power or authority to do or cause to be done any of the following acts without the approval of one hundred percent (100%) of the Membership Interests: (a) File a petition under the federal or any state bankruptcy act or any other insolvency law, or admit in writing its bankruptcy, insolvency or general inability to pay its debts." See, Exhibit 1. The Bankruptcy Case must be dismissed on the grounds that only 33% of the members voted to approve the filing of bankruptcy and thus the filing was unauthorized.

### ii. The Meeting was not properly noticed under the Operating Agreement and the Beverly-Killea Act, and therefore the resolutions approving the filing of bankruptcy and installing Alex Martinez as president are invalid.

According to the Operating Agreement, the Beverly-Killea Act governs 57 LLC's meeting procedures. See, Exhibit 1. The Beverly-Killea Act states: "Whenever members are required or permitted to take any action at a meeting, a written notice of the meeting shall be given not less than 10 days nor more than 60 days before the date of the meeting to each member entitled to vote at the meeting." Cal. Corp. Code §17104(c)(1). Alex Martinez and the other partners of MAM provided less than 24 hours notice to the other 57 LLC members, despite the ten days required under the Operating Agreement and the Beverly-Killea Act. See, Exhibit 2. The resolutions adopted at the Meeting, including the resolutions to file bankruptcy and to oust Tom Creed and install Alex Martinez as president are invalid. See, Exhibits 2 and 3.

Alex Martinez was not authorized to file the Bankruptcy Case. Under the Operating Agreement, only the Manager has the power to file bankruptcy. The relevant portion of the Operating Agreement provides that: ""there shall be one Manager…The initial Manager shall be Thomas Creed. Except as otherwise provided in this Agreement, the Manager (acting on behalf of the Company) shall have the right, power and authority in the management of the business and affairs of the Company to do or cause to be done any and all acts, at the

expense of the Company, deemed by the Manager to be necessary or appropriate to effectuate the business, purpose and affairs of the Company…The Manager shall not have the right, power or authority to do or cause to be done any of the following acts without the approval of one hundred percent (100%) of the Membership Interests: (a) File a petition under the federal or any state bankruptcy act or any other insolvency law, or admit in writing its bankruptcy, insolvency or general inability to pay its debts." See, Exhibit 1.

Alex Martinez is not the Manager.  The Meeting where the partners of MAM ousted Tom Creed and installed Alex Martinez as Manager did not meet the notice requirements under the Operating Agreement and the Beverly-Killea Act.  The Bankruptcy Case must be dismissed on the grounds that Alex Martinez did not have requisite authority to file.

### III.  CONCLUSION

Based on the foregoing and the attached Declaration of Thomas Creed, 57 Market St. LLC respectfully requests that the above-entitled Chapter 11 case be dismissed.

Dated: December 21, 2009                                        Leslie Cohen Law, PC


                                                                              */s/ Leslie A. Cohen*
                                                                              Leslie A. Cohen
                                                                              Counsel for Movants Tom Creed, Shari Creed, and
                                                                              Stephen Foreht

**DECLARATION OF THOMAS CREED**

I, Thomas Creed, declare under penalty of perjury that:

1. I am the managing member of 57 Market St. LLC (hereinafter "LLC"), the real party in interest, in the above-titled action. I make this declaration of my own personal knowledge and, if called as a witness, I could and would testify competently to the truth of the matters set forth herein.

2. 57 Market St. LLC ("57 LLC") owns real property located at 57 Market St. Venice, California.

3. My wife Sharon Creed ("Shari) and I are 62% members of 57 LLC, Stephen Foreht is a 5% member, and MAM Wealth Management Real Estate Fund, LP is a 33% member ("MAM"). Alex Martinez and Ian Mitchell are the partners of MAM.

4. Attached to this declaration as "Exhibit 1" is a true and correct copy of 57 LLC's operating agreement ("Operating Agreement").

5. 57 LLC could no longer make payments to the Property's three mortgagees, Bay Area, Chase Bank and MAM, respectively. Bay Area commenced foreclosure on the Property and a trustee sale date was scheduled for December 11, 2009 ("Sale Date")

6. On December 7, 2009, four days before the Sale Date, Shari, Stephen Foreht and I received a letter from MAM calling a meeting to be held on the next day, December 8, 2009, at noon ("Meeting"). A true and correct copy of the letter is attached as "Exhibit 2". In the December 7th Notice, MAM states that the purpose of the meeting was to "resolve the issue on the pending foreclosure of the property located at 57 Market St." See, Exhibit 2.

7. On December 8, 2009 at 11:20AM, Stephen Foreht emailed MAM on behalf of himself, myself and Shari Creed notifying MAM that the Meeting was not authorized because the December 7th Notice was not given ten days in advance of the meeting as required by the Beverly-Killea Act, the governing law according to the Operating Agreement.

8. On December 8, 2009 at 12:00PM, Ian Mitchell, Alex Martinez, and Rafael Sanchez, a partner of MAM Wealth Fund Management, LP, a related company of MAM, went forward with their Meeting. The resolutions adopted during the Meeting included removing me as President and Shari as CEO, installing Alex Martinez as President, and approving the filing of chapter 11 bankruptcy. My knowledge is based on

7

1 | reading the minutes from the Meeting.  A true and correct copy of the minutes from the Meeting are attached
2 | as "Exhibit 3".
3 |     I declare under penalty of perjury under the laws of California that the foregoing is true and correct.
4 | Executed on December 21, 2009 in Venice, California.

6 | _____*/s/ Thomas Creed*_____
7 | Thomas Creed

| In re: | CHAPTER 11 |
|---|---|
| 57 Market Street LLP | |
| Debtor(s). | CASE NUMBER 1:09-bk-26620 |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
506 Santa Monica Blvd., Suite 200, Santa Monica, CA 90401

A true and correct copy of the foregoing document described **MOTION TO DISMISS CHAPTER 11 CASE** be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 12/21/09 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
- M. Jonathan Hayes  jhayes@polarisnet.net
- Margaux Ross  margaux.ross@usdoj.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On   12.21.09  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 12/21/09 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 12/21/09 | J'aime Williams | /s/ J'aime Williams |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                     **F 9013-3.1**

**M Jonathan Hayes**
**Law Office of M Jonathan Hayes**
**9700Reseda Bl Ste 201**
**Northridge, CA 91324-5510**


**United States Trustee (SV)**
**21051 Warner Center Lane, Suite 115**
**Woodland Hills, CA 91367-6550**


**Bay Area Financial Corp.**
**12400 Wilshire Blvd., Suite 230**
**Los Angeles, CA 90025-1055**


**Chase Mortgage**
**P.O. Box 78148**
**Phoenix, AZ 85062-8148**


**Davis & Lara LLP**
**445 S Figueroa St., Suite 2700**
**Los Angeles, CA 90071-1620**


**Ian Mitchell**
**3609 Seahorn Drive**
**Malibu, CA 90265-5643**


**MAM Wealth Management, LLC**
**15456 Ventura Blvd., Suite 302**
**Sherman Oaks, CA 91403-3021**


**We Phix**
**15456 Ventura Blvd., Suite 302**
**Sherman Oaks, CA 91403-3021**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**