1  Leslie A. Cohen, Esq. (SBN 93698)
   Leslie Cohen Law, P.C.
2  506 Santa Monica Blvd. Ste 200
   Santa Monica, CA 90401
3  Telephone: 310.394.5900
   Facsimile: 310.394.9280
4  leslie@lesliecohenlaw.com

5  Attorneys for Thomas Creed, Shari Creed,
   And Stephen Foreht

6

7

8                          **UNITED STATES BANKRUPTCY COURT**

9                           **CENTRAL DISTRICT OF CALIFORNIA**

10                            **SAN FERNANDO VALLEY DIVISION**

11 In re

12    57 MARKET STREET LLC                    Case No. 1:09-bk-26620-GM

13        Debtor and Debtor in Possession     Chapter 11

14                                            **NOTICE OF MOTION AND MOTION FOR
                                              SANCTIONS PURSUANT TO F.R.B.P. 9011**
15
                                              Date:   To be set by Court
16                                            Time:
                                              Place:
17

18 .

19

20    **PLEASE TAKE NOTICE** that at the time and place set by the court pursuant to the Application for

21 Order Setting Hearing on Shortened Notice, filed concurrently herewith, Tom Creed, Shari Creed, and

22 Stephen Foreht, comprising 67% of the ownership of 57 Market St. LLC ("57 LLC"), shall appear before the

23 Honorable Geraldine Mund, Judge for the United States Bankruptcy Court for the Central District of California

24 in Room 342 of the San Fernando Valley Division courthouse, 21401 Burbank Boulevard, Woodland Hills,

25 California 91367 and move this Court for an order awarding sanctions pursuant to F.R.B.P. 9011 in

26 connection with their Motion to Dismiss the above captioned bankruptcy case.

27    This Motion will be made on the grounds that Alex Martinez, the individual who filed the voluntary

28 chapter 11 petition on behalf of 57 LLC, did not have the requisite authority under state law, and the operating

1  agreement of the LLC, to authorize the bankruptcy filing as required by the Supreme Court case <u>Price v. Gurney</u>, 324 U.S. 100 (1945), and that the assertions of authority in signing the bankruptcy petition are violations of F.R.B.P. 9011(b)(2) and (3).

This Motion will be based upon this notice, the memorandum of points and authorities, declaration of Thomas Creed attached hereto and exhibits attached to the Motion to Dismiss Bankruptcy Case filed concurrently with this Motion, all papers, records and documents filed in this case, and such evidence to be presented at the hearing on this Motion.

Dated: December 21, 2009                                      Leslie Cohen Law, PC


                                                              _____/s/ Leslie A. Cohen_____
                                                              Leslie A. Cohen
                                                              Counsel for Movants Tom Creed, Shari Creed, and Stephen Foreht

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. FACTS

57 Market St. LLC ("57 LLC") is a California limited liability company which owns real property located at 57 Market St. Venice, California ("Property"). See, Declaration of Thomas Creed attached hereto.("Tom Decl."). Thomas Creed ("Tom") and Sharon Creed ("Shari") are 62% members of 57 LLC; Stephen Foreht is a 5% member, and MAM Wealth Management Real Estate Fund, LP a Delaware Limited Partnership ("MAM") is a 33% member. Alex Martinez and Ian Mitchell are the partners of MAM. See, ¶ 3 of Tom Decl. See also, 57 LLC's operating agreement ("Operating Agreement"), a true and correct copy of which is attached as "Exhibit 1" to the Motion to Dismiss.

57 LLC could no longer make payments to the Property's three mortgagees, Bay Area, Chase Bank and MAM, respectively. See, ¶ 5 of Tom Decl. Bay Area commenced foreclosure on the Property and a trustee sale date was scheduled for December 11, 2009 ("Sale Date"). See, ¶ 5 of Tom Decl.

On December 7, 2009, four days before the Sale Date, Tom Creed, Shari Creed, and Stephen Foreht received a letter from MAM calling a meeting to be held on the next day, December 8, 2009, at noon ("Meeting") ("December 7th Notice"). See, Tom Decl. and "Exhibit 2", a true and correct copy of the December 7th Notice attached to the Motion to Dismiss. In the December 7th Notice, MAM states that the purpose of the meeting was to "resolve the issue on the pending foreclosure of the property located at 57 Market St." See, Exhibit 2 to Motion to Dismiss.

On December 8, 2009 at 11:20AM, Stephen Foreht emailed MAM on behalf of himself, Tom and Shari Creed notifying MAM that the Meeting was not authorized because the December 7th Notice was not given ten days in advance of the meeting as required by the Beverly-Killea Act, the governing law according to the Operating Agreement. See, ¶ 7 of Tom Decl.

On December 8, 2009 at 12:00PM, Ian Mitchell, Alex Martinez, and Rafael Sanchez, a partner of MAM Wealth Fund Management, LP, a related company of MAM, went forward with their Meeting. The resolutions adopted during the Meeting included removing Tom as President and Shari as CEO, installing Alex Martinez as President, and approving the filing of chapter 11 bankruptcy. See, ¶ 8 of Tom Decl. See also, a true and correct copy of the Minutes from the Meeting attached as "Exhibit 3" to Motion to Dismiss.

On that same date, December 8, 2009, Alex Martinez filed the above-entitled bankruptcy case ("Bankruptcy Case") on behalf of 57 LLC.

## II. ARGUMENT

Federal Rule of Bankruptcy Procedure 9011(c) provides that sanctions may be initiated by motion where there are violations of any of the Representations to the Court listed in part (b), which include

*(b) Representations to the court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--*
*(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;*
*(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;*
*(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and*
*(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.*

In this case, the Operating Agreement indicated that the Beverly-Killea Act governs 57 LLC's meeting procedures, which requires 10 days notice. See Exhibit 1 attached hereto. Furthermore, 57 LLC's Operating Agreement states that "The Manager shall not have the right, power or authority to do or cause to be done any of the following acts without the approval of one hundred percent (100%) of the Membership Interests: (a) File a petition under the federal or any state bankruptcy act or any other insolvency law, or admit in writing its bankruptcy, insolvency or general inability to pay its debts." See, Exhibit 1. Since the meeting of December 8, 2009 did not fulfill either of these requirements under the Operating Agreement and state law, the resolutions adopted there were invalid. Mr. Martinez had no authority to file the bankruptcy petition, and his factual and legal contention in signing the petition that he had "been authorized to file this petition on behalf of the debtor" is a clear violation of FRBP 9011(b)(2) and (3).

## III. Conclusion

Based on the foregoing and the attached Declaration of Thomas Creed, 57 LLC respectfully requests that the Court award reasonable expenses and attorney's fees incurred in presenting the Motion to Dismiss filed concurrently herewith.

1  Dated: December 21, 2009                    Leslie Cohen Law, PC

                                               _____*/s/ Leslie A. Cohen*_____
                                               Leslie A. Cohen
                                               Counsel for Movants Tom Creed, Shari Creed, and
                                               Stephen Foreht

**DECLARATION OF THOMAS CREED**

I, Thomas Creed, declare under penalty of perjury that:

1. I am the managing member of 57 Market St. LLC (hereinafter "LLC"), the real party in interest, in the above-titled action. I make this declaration of my own personal knowledge and, if called as a witness, I could and would testify competently to the truth of the matters set forth herein.

2. 57 Market St. LLC ("57 LLC") owns real property located at 57 Market St. Venice, California.

3. My wife Sharon Creed ("Shari) and I are 62% members of 57 LLC, Stephen Foreht is a 5% member, and MAM Wealth Management Real Estate Fund, LP is a 33% member ("MAM"). Alex Martinez and Ian Mitchell are the partners of MAM.

4. Attached to the Motion to Dismiss filed concurrently herewith as "Exhibit 1" is a true and correct copy of 57 LLC's operating agreement ("Operating Agreement").

5. 57 LLC could no longer make payments to the Property's three mortgagees, Bay Area, Chase Bank and MAM, respectively. Bay Area commenced foreclosure on the Property and a trustee sale date was scheduled for December 11, 2009 ("Sale Date")

6. On December 7, 2009, four days before the Sale Date, Shari, Stephen Foreht and I received a letter from MAM calling a meeting to be held on the next day, December 8, 2009, at noon ("Meeting"). A true and correct copy of the letter is attached to the Motion to Dismiss filed concurrently herewith as "Exhibit 2". In the December 7th Notice, MAM states that the purpose of the meeting was to "resolve the issue on the pending foreclosure of the property located at 57 Market St." See, Exhibit 2 to Motion to Dismiss.

7. On December 8, 2009 at 11:20AM, Stephen Foreht emailed MAM on behalf of himself, myself and Shari Creed notifying MAM that the Meeting was not authorized because the December 7th Notice was not given ten days in advance of the meeting as required by the Beverly-Killea Act, the governing law according to the Operating Agreement.

8. On December 8, 2009 at 12:00PM, Ian Mitchell, Alex Martinez, and Rafael Sanchez, a partner of MAM Wealth Fund Management, LP, a related company of MAM, went forward with their Meeting. The resolutions adopted during the Meeting included removing me as President and Shari as CEO, installing Alex Martinez as President, and approving the filing of chapter 11 bankruptcy. My knowledge is based on

1 | reading the minutes from the Meeting.  A true and correct copy of the minutes from the Meeting are attached
2 | to the Motion to Dismiss filed concurrently herewith as "Exhibit 3".
3 |     I declare under penalty of perjury under the laws of California that the foregoing is true and correct.
4 | Executed on December 21, 2009 in Pacific Palisades, California.

                                           */s/ Thomas Creed*

                                           Thomas Creed

| In re: | CHAPTER 11 |
|---|---|
| 57 Market Street LLP | |
| Debtor(s). | CASE NUMBER 1:09-bk-26620 |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
506 Santa Monica Blvd., Suite 200, Santa Monica, CA 90401

A true and correct copy of the foregoing document described **MOTION FOR SANCTIONS** be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 12/21/09 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
- M. Jonathan Hayes   jhayes@polarisnet.net
- Margaux Ross   margaux.ross@usdoj.gov
- United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On 12.21.09 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 12/21/09 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 12/21/09 | J'aime Williams | /s/ J'aime Williams |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**

**M Jonathan Hayes**
**Law Office of M Jonathan Hayes**
**9700Reseda Bl Ste 201**
**Northridge, CA 91324-5510**


**United States Trustee (SV)**
**21051 Warner Center Lane, Suite 115**
**Woodland Hills, CA 91367-6550**


**Bay Area Financial Corp.**
**12400 Wilshire Blvd., Suite 230**
**Los Angeles, CA 90025-1055**


**Chase Mortgage**
**P.O. Box 78148**
**Phoenix, AZ 85062-8148**


**Davis & Lara LLP**
**445 S Figueroa St., Suite 2700**
**Los Angeles, CA 90071-1620**


**Ian Mitchell**
**3609 Seahorn Drive**
**Malibu, CA 90265-5643**


**MAM Wealth Management, LLC**
**15456 Ventura Blvd., Suite 302**
**Sherman Oaks, CA 91403-3021**


**We Phix**
**15456 Ventura Blvd., Suite 302**
**Sherman Oaks, CA 91403-3021**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**