1  Dana M. Douglas (Bar No. 220053)
   Attorney at Law
2  16235 Devonshire St., No. 19
   Granada Hills, CA 91344
3  Telephone: (818) 360-8295
   Facsimile: (818) 360-9852
4  danadouglaslaw@aol.com

5  Attorney for Alex Martinez and
   MAM Wealth Management Real Estate Fund 1, LP

FILED
JAN 2 2 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:            Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

11  In re                                  )   Case No. 1:09-BK-26620-GM
                                           )
12  57 MARKET STREET LLC                   )   Chapter 11
                                           )
13         Debtor and Debtor in            )   **ALEX MARTINEZ' and MAM
           Possession.                     )   WEALTH MANAGEMENT REAL
14                                         )   ESTATE FUND 1, LP's AMENDED
                                           )   OR SUPPLEMENTAL OPPOSITION
15                                         )   TO MOTION FOR SANCTIONS
                                           )   PURSUANT TO F.R.B.P. 9011**
16                                         )
                                           )   Date: February 23, 2010
17                                         )   Time: 10:00 a.m.
                                           )   Ctrm: 303
18                                         )          21041 Burbank Blvd.
                                           )          Woodland Hills, CA 91367
                                           )

20  TO THE HONORABLE GERALDINE MUND, UNITED STATES

21  BANKRUPTCY JUDGE; TO TOM CREED, SHARI CREED and STEPHEN FOREHT

22  and THEIR ATTORNEY(S) OF RECORD; TO THE OFFICE OF THE UNITED

23  STATES TRUSTEE:

25         ALEX MARTINEZ and MAM WEALTH MANAGEMENT REAL ESTATE

26  FUND 1, LP ("MARTINEZ" and/or "MAM"), acting representative for 57 MARKET

27  STREET, LLC, debtor and debtor-in-possession herein, hereby oppose Movant(s) TOM

28
                                          1    Alex Martinez' and/or MAM Wealth
                                               Management Real Estate Fund 1, LP's
DANA M. DOUGLAS                                Opposition to Motion for Sanctions
Attorney at Law

CREED, SHARI CREED and STEPHEN FOREHT ("CREED," "CREEDs" and/or "CREED/FOREHT") MOTION FOR SANCTIONS PURSUANT TO F.R.B.P. 9011 and SUPPLEMENT TO MOTION FOR SANCTIONS (collectively, the "Motion") as follows:

## I. STATEMENT OF FACTS

57 Market Street LLC ("57 LLC") commenced its bankruptcy case by filing a voluntary petition under Chapter 11 of *11 U.S.C. § 101 et seq.* (the "Bankruptcy Code") on December 8, 2009, to prevent a foreclosure sale of the real estate that is the source of the Debtor's name, namely, 57 Market Street in Venice, California 90291.

The primary asset of the Debtor's estate is the real estate that is the subject of the foreclosure action and pending sale ("57 Market Street"). There are three loans on 57 Market Street: a first mortgage of approximately $1,800,000 through Chase Mortgage, originally Washington Mutual, guaranteed by or in CREEDS' name and on which there is no default; a home equity line of credit from Bay Area Funding of approximately $200,000, guaranteed by or in CREEDS' name and on which a notice of trustee's sale was recorded and a sale scheduled for December 11, 2009 (the "BAF Loan"), and a third mortgage of $500,000 from MAM Wealth Management Real Estate Fund 1, LP, in the name of 57 LLC, which is also in default but on which no sale is scheduled.

A secondary asset of Debtor's estate is the rent that 57 LLC is entitled to collect from Shari Creed, and/or Mrs. Creed's very successful public relations business, Shari Creed Strategic Imaging LLC, which agreed to pay $8,500 per month for its occupancy of the ground floor of 57 Market Street. While the Motion(s) suggest 57 LLC "could no longer make payments to the Property's three mortgagees," had CREED/FOREHT required that Mrs. Creed, or Shari Creed Strategic Imaging LLC, pay the monthly rent agreed under the terms of the lease of January 9, 2008, by and between 57 LLC and Shari Creed Strategic Imaging, LLC, and as CREEDS, as managing members of 57 LLC were obliged to do, there would have been sufficient funds to service 57 LLC's debt load.

DANA M. DOUGLAS
Attorney at Law

2

Alex Martinez' and/or MAM Wealth
Management Real Estate Fund 1, LP's
Opposition to Motion for Sanctions

A third asset of the estate should be the unused proceeds (estimated as in the area of $135,000) of the home equity line of credit from Bay Area Funding. The line of credit was obtained to renovate the first floor of 57 Market Street and add a second story thereby greatly increasing the value of the property. However, although the line of credit was fully extended, CREEDS stopped working with the architect on the construction project which is at a stand-still and have failed and/or refused to account for the full balance of the loan except for approximately $35,000 which they have placed in an account with Wells Fargo Bank. In the absence of an accounting by CREED/FOREHT as to the where the funds of the fully extended BAF Loan have gone, there should have been sufficient funds to cure the BAF Loan default.

CREEDS' failure and/or refusal to discuss (i) the proceeds of the BAF Loan or (ii) their efforts to cure the BAF Loan default, as well as (iii) other breaches of the 57 LLC Operating Agreement are the subjects of a series of communications beginning in February, 2009, and continuing up to December 7, 2009, when MARTINEZ and/or MAM contacted them in virtual desperation to obtain an update as to curing of the BAF Loan default by calling for an emergency meeting on December 8, 2009. See, Exhibit A-Alex Martinez Declaration w/attachments.

Initially, when MARTINEZ and/or MAM contacted CREED/FOREHT demanding an emergency meeting, it was intended to "resolve the impending foreclosure." In the interim, however, MARTINEZ and other MAM principals received extremely alarming news, namely, that CREED/FOREHT had no intention of curing the BAF Loan default and were, instead, planning to sell 57 Market Street to a "straw" buyer whose purchase would take out the MAM lien and, thereafter, they and their "straw" buyer would retain the property free of the MAM lien for their own purposes. Having been forewarned of CREED/FOREHT's plan to obtain 57 Market Street by this fraudulent scheme, MARTINEZ and MAM felt they had no alternative but to act immediately to save 57 LLC's other investors from being victims of not just CREED/FOREHT's continuing

DANA M. DOUGLAS
Attorney at Law

3    Alex Martinez' and/or MAM Wealth
Management Real Estate Fund 1, LP's
Opposition to Motion for Sanctions

serious breach of their fiduciary obligations to the members but also of what would have been a public crime by CREED/FOREHT under *Cal. Corp. Code § 2255(a)*. See, Exhibit A-Alex Martinez Declaration.

On January 5, 2010, CREED/FOREHT's motion to dismiss the bankruptcy was heard and an order has been granted as to the dismissal as, among other things, there is a claim pending in state court to address many of the issues presented here. In the interim, MAM has amended its state court action to ask for the removal of CREED/FOREHT as managers of 57 Market Street, LLC, in view of their breaches of fiduciary duty to the LLC and its members.

## II. DISCUSSION

### A. F.R.B.P. 9011(b)(1)-(4) as Authority for Sanctions

Movants cite F.R.B.P. 9011(b)(1)-(4) which provides the bases upon which sanctions may be sought against parties who violate the provisions therein.

The crux of F.R.B.P. 9011 (b) is the requirement that *"to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances"* a party's representations to the court: must not be for an "improper purpose" (1); must be "warranted by existing law or by a non-frivolous argument" (2); "allegations and other factual contentions" must "have evidentiary support or... are likely to have evidentiary support after a reasonable opportunity for further investigation" (3); and that "denials of factual contentions are warranted on the evidence or...reasonably based on a lack of information or belief" (4).

F.R.B.P. 9011 continues to say that if, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, *the court may...impose an appropriate sanction."*

Movants contend that because authority to file the Chapter 11 could not have been gotten on strictly a notice basis, F.R.B.P. 9011(b) has been violated by MARTINEZ and/or MAM.

DANA M. DOUGLAS
Attorney at Law

4

Alex Martinez' and/or MAM Wealth
Management Real Estate Fund 1, LP's
Opposition to Motion for Sanctions

Assuming, arguendo, that Movants' first contention is true, they allow no consideration as to whether, in the event MARTINEZ/MAM actually lacked the requisite authority, MARTINEZ' knowledge, information and belief reasonably supported the representations he made in the Petition.

First, MARTINEZ/MAM believed that upon noticing CREED/FOREHT of an impending meeting, holding the meeting, and voting to remove CREED as manager, that the removal would occur. They did not appreciate that the 57 Market Street, LLC Operating Agreement had been drafted by FOREHT in a manner that made the ability to remove CREEDs as managers illusory. There is no way, under the 57 Market Street, LLC Operating Agreement that the CREEDs could be removed.

Additionally, as discussed in the MARTINEZ/MAM's Opposition to the Motion to Dismiss the Chapter 11 Case, MARTINEZ and/or MAM found themselves faced with a situation wherein the CREEDs had effectively abdicated their position(s) as managing member(s) due to their continuing breaches of their fiduciary duty owed to the other members of 57 LLC and were believed to be poised to commit a fraud on the other 57 LLC members by selling 57 Market Street to a "straw" buyer at the BAF Loan trustee sale knocking out the other members/investors' interests while retaining 57 Market Street for themselves. MARTINEZ and/or MAM believed they had no choice but to "seize the reins" and maintain the status quo by steering the runaway investment into a safe haven where assets and liabilities could be reorganized for the benefit of both investors and creditors while the issue of management of 57 LLC could be resolved by a plan of reorganization or, if need be, a decision of the court.

MARTINEZ and/or MAM reasonably believed that the nature of the CREEDS' breaches of their fiduciary duties owed to the other members of the LLC were such that MARTINEZ/MAM had no alternative but to take control of the LLC and file the Chapter 11 petition. Moreover, MARTINEZ and/or MAM *"to the best of [their] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances"*

DANA M. DOUGLAS
Attorney at Law

5

Alex Martinez' and/or MAM Wealth
Management Real Estate Fund 1, LP's
Opposition to Motion for Sanctions

(F.R.B.P. 9011(b)) reasonably believed that they had properly met and voted to remove CREEDs as managers and they could appropriately file a voluntary petition under Chapter 11 to reorganize the debts and preserve the assets of the LLC.

In view of the above, while lacking the requisite authority to file the petition under Chapter 11, MARTINEZ/MAM did not do so for *"frivolous reasons"* or an *"improper purpose"* (F.R.B.P. 9011(b)).

B. Purpose of Sanctions

F.R.B.P. 9011(c)(2) provides that after motion: "A sanction imposed for violation of this rule *shall be limited to what is sufficient to deter repetition of such conduct* or comparably conduct by others similarly situated" and may include "an order to pay a penalty into court" or "payment to the movant of *some* or all of the *reasonable attorneys' fees."* The purpose of the sanction is deterrence of a type of conduct, it is not to reimburse a movant for his or her costs of opposing the bankruptcy.

(1)   It was suggested by the US Trustee that an order to pay the quarterly fees for Case No. 1:09-bk-26620 might be a reasonable sanction.

(2)   The attorneys' fees that have been submitted are not reasonable.

(a)   The invoice for Foreht Associates, LLP, , for $4000 is not itemized and provides no detail as to type of or time for services performed and, as such, it is impossible to ascertain whether the fee charged is reasonable. It is also impossible to know for certain that the fees charged by the Foreht firm are, in fact, for services performed by Mr. Foreht himself on his own behalf and submitted as an attorney's fee for what is actually self-representation.

(b)   The invoice for m3 management, inc., for $2500 also lacks specificity so as to know if these are legal fees, if they are for services performed by an attorney or law firm, or whether they are reasonable or even related to the bankruptcy.

DANA M. DOUGLAS
Attorney at Law

6

Alex Martinez' and/or MAM Wealth
Management Real Estate Fund 1, LP's
Opposition to Motion for Sanctions

(c) The invoice for REALLY FIXED for $2037.50 contains specificity as to the services performed but, again, it is unclear and unlikely that these are legal fees or that they were necessary or reasonable.

(d) The invoice for LAW OFFICES OF KAIVON HAROUNI for "20 hours related to bankruptcy" or "$3500 related to bankruptcy" contains minimal specificity, appears to relate to telephone calls and a motion the parties ultimately elected not to file and, as is the case with the invoices identified above, it is impossible to know if the fees are reasonable or necessary. Moreover, MAM/MARTINEZ should not be required to pay for work the movants ultimately elected not to use.

(e) The invoice of Leslie Cohen Law PC for $13,747.50 is fully itemized. It indicates that a senior associate spent slightly less than 3 hours for a cost of $1012.50 to "draft the motion to dismiss and related research" and a slightly longer period of time related to the motion and associated documents. The rest of the invoice relates to conversations and strategies. One would anticipate for the amount charged that the work performed would be stellar and yet what was filed proved to be a "plain vanilla motion." MAM/MARTINEZ suggests the invoice is not reasonable for the work performed and notes that the documents filed to supplement CREED/FOREHT's claim for sanctions utilized an outdated proof of service and did not even name MAM/MARTINEZ counsel to be served and she was not served.

C. Sanctions Not Mandatory

As can be seen by the language of F.R.B.P. 9011(c), "the court *may*…impose an appropriate sanction," it is within the court's discretion whether to impose a sanction even when there is a violation of F.R.B.P. 9011(b). Where, as here, any violation is based on a good-faith belief that one's course is both appropriate and necessary to protect the interests of others and not just his own interests, imposition of sanctions would be unjust.

DANA M. DOUGLAS
Attorney at Law

7

Alex Martinez' and/or MAM Wealth
Management Real Estate Fund 1, LP's
Opposition to Motion for Sanctions

### III. CONCLUSION

MARTINEZ and MAM respectfully request that the Court deny the Motion, and award no sanctions even if a violation of F.R.B.P. 9011(b) is found to have occurred. Under the construction of F.R.B.P. 9011(a)-(c) sanctions are not required and are intended to deter conduct motivated by *"frivolous"* or an *"improper"* purpose which is not the case here.

Dated: January 22, 2010

*[signature]*
Dana M. Douglas
Attorney at Law
Counsel for Alex Martinez and
MAM Wealth Management Real
Estate Fund 1, LP

DANA M. DOUGLAS
Attorney at Law

8    Alex Martinez' and/or MAM Wealth
Management Real Estate Fund 1, LP's
Opposition to Motion for Sanctions

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 16235 Devonshire St., No. 19, Granada Hills, CA 91344.

The foregoing document described **ALEX MARTINEZ' AND MAM WEALTH MANAGEMENT REAL ESTATE FUND 1, LP's OPPOSITION TO MOTION FOR SANCTIONS PURSUANT TO F.R.B.P. 9011** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **1/22/10** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- M Jonathan Hayes – jhayes@polarisnet.net
- Margaux Ross – margaux.ross@usdoj.gov
- United States Trustee (SV) – ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On **1/22/10** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**Hon. Geraldine Mund**
United States Bankruptcy Court - Central District of California
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

[xx] Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **1/22/10** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| Date | Type Name | Signature |
|---|---|---|
| 1/4/10 | Dana M. Douglas | /s/ Dana M. Douglas |

Bay Area Financial Corp.
12400 Wilshire Blvd., Ste. 230
Los Angeles, CA 90025-1055

Chase Mortgage
P.O. Box 78148
Phoenix, AZ 85062-8148

Davis & Lara LLP
445 S.Figueroa St., Ste. 2700
Los Angeles, CA 90071-1620

Foreht Associates LLP
228 E. 45th St., 17th Floor
New York, NY 10017

Kaivan Harouni
9025 Wilshire Blvd., Penthouse
Beverly Hills, CA 90211

MAM Wealth Management, LLC
15456 Ventura Blvd., Ste. 302
Sherman Oaks, CA 91403-3021

Stephen Foreht
139 W. 82nd St.
New York, NY 10024

Thomas Sharp Creed
Shari Creed
516 Beirut Ave.
Pacific Palisades, CA 90272

We Phix
15456 Ventura Blvd., Ste. 302
Sherman Oaks, CA 91403-3021

DANA M. DOUGLAS
Attorney at Law

Proof of Service