Leslie A. Cohen (SBN 93698)
leslie@lesliecohenlaw.com
J'aime K. Williams (SBN 261148)
jaime@lesliecohenlaw.com
Leslie Cohen Law, P.C.
506 Santa Monica Blvd. Ste 200
Santa Monica, CA 90401
Telephone: 310.394.5900
Facsimile: 310.394.9280

Attorneys for Thomas Creed, Shari Creed,
And Stephen Foreht

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO DIVISION

In re

57 MARKET STREET LLC

Debtor and Debtor in Possession

Case No. 1:09-bk-26620-GM

Chapter 11

**REPLY TO OPPOSITION TO MOTION FOR SANCTIONS; DECLARATION OF THOMAS CREED**

Date: February 23, 2010
Time: 10:00 a.m.
Place: Courtroom 302

TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRUPTCY JUDGE, AND ALL OTHER PARTIES IN INTEREST:

Thomas Creed, Shari Creed and Stephen Foreht, ("Moving Parties"), hereby submit this Reply to the Amended or Supplemental Opposition to Motion for Sanctions (the "Opposition") filed by Alex Martinez ("Martinez")and MAM Wealth Management Real Estate Fund 1 LP ("MAM"). The Opposition addresses the Motion for Sanctions and the Supplement thereto filed by the Moving Parties. This Reply is based upon the argument below, the declaration of Thomas Creed and exhibit attached hereto, and exhibits attached to the Motion to Dismiss Bankruptcy Case and Supplement to Motion to Dismiss, all papers, records and documents filed in this case, and such evidence to be presented at the hearing on this Motion.

## I. INTRODUCTION

This court has already dismissed the voluntary petition purportedly filed by Martinez on behalf of the LLC, finding that it was unauthorized under the express terms of the Operating Agreement. The only remaining issue is whether or not the Court should award sanctions against Martinez to reimburse the moving parties for the cost expended in defending the wrongfully filed petition. In opposition to this request, Martinez asserts that the Court should not award sanctions because Martinez and MAM reasonably believed they could file the voluntary petition. Furthermore, the Opposition states that the fees requested by Moving Parties are unreasonable.

Both arguments fail. First, Martinez, as a member of the LLC and signatory to the 57 Market Street Operating Agreement, had actual knowledge of the requirements to file the voluntary petition as the agreement was entirely unambiguous on this point. Moreover, the fees requested are conservative relative to the amount of effort required and incurred by Moving Parties in responding to the improper voluntary petition.

## II. DISCUSSION

### a. The Requirements of FRBP 9011(b) Have Been Demonstrated

The Opposition focuses significantly on the language of FRBP 9011(b) in their purported defense of Martinez and MAM's conduct. As is quoted in the Opposition, FRBP 9011(b) states the requirement that "to the best of the person's knowledge, information, and believe, formed after an inquiry reasonable under the circumstances" a party's representations to the court must not be for an "improper purpose." Martinez'/MAM's contention appears to be that Martinez' improper representations in the petition were reasonable based on his "knowledge, information and belief." This position completely fails to address the fact that Martinez signed the Operating Agreement that rendered his filing the petition improper. His knowledge, information and belief is represented by the very document he signed just over two years ago, clearly fulfilling the 9011(b) requirements. Moreover, reviewing the Operating Agreement is inarguably an "inquiry reasonable under the circumstances" for someone feeling they needed to "seize the reins" for the good of the company. This lack of inquiry further demonstrates Martinez's/MAM's actions were frivolous at best, and at worst, clearly establish an improper purpose as Martinez was attempting to 'seize the reins' through the improper petition when he absolutely knew this was prohibited under the agreement.

In addition, the Opposition suggests that Martinez/MAM had "no alternative" but to file the petition because the Creeds could not be removed under the operating agreement.  The Opposition states they "did not appreciate that the 57 Market Street, LLC Operating Agreement had been drafted by Foreht in a manner that made the ability to remove Creeds as managers illusory." Opposition p. 5 ln.7-10.   This is demonstrated to the contrary by both Martinez's business savvy and the fact that he was included in an abundance of correspondence relating to the drafting of this Operating Agreement.  *See attached Decl. of Thomas Creed* and Email Correspondence attached hereto as Exhibit A.  Moreover, the "no alternative" argument also fails as Martinez/MAM have now filed an involuntary petition for 57 Market Street LLC, now pending before this Court.  Martinez/MAM had every option to consult the Operating Agreement and consult with counsel to discover what <u>proper</u> actions could be taken.   Again, the "no alternative' argument further demonstrates the improper purpose as Martinez knew that this actions were prohibited under the terms o f the agreement and only says that he filed the petition anyway because he had 'no alternative'.

Martinez/MAM had actual knowledge and information of proper actions for meeting and filing a petition from the Operating Agreement they approved and signed.  They also had the ability to consult the Operating Agreement to confirm what actions could be taken.  Notably, their counsel who filed the petition withdrew when he recognized that the petition lacked proper corporate authority.  MAM/Martinez impliedly admit that they ignored their knowledge and/or  their obligation make a reasonable inquiry prior to filing the petition wherein Martinez made improper representations to the Court, suggesting it was justified because they needed to 'take the reins' and had 'no alternative'.  Neither of these theories is a viable defense under Rule 9011 and they offer no authority to suggest that it is..  Accordingly, the requirements of FRBP 9011(b) are fulfilled and sanctions should be awarded.

### b.  <u>The Fees Requested Are Reasonable</u>

As Moving Parties noted in their Supplement to the Sanctions Motion, they incurred a number of fees in defending the improper petition.  The filing of the petition forced Moving Parties to engage the services of several professionals to create a strategy and move towards the ultimate dismissal of the case.   As provided in the Declaration of Thomas Creed attached to the Supplement, the fees requested were incurred in defending against the improper fling.

In response to the fees of Leslie Cohen Law PC, the Opposition incorrectly claims that only a "plain vanilla motion" was produced.  To the contrary, and as demonstrated in the Leslie Cohen Law invoice attached to the Supplement, the Firm provided substantial strategic consultation and research, and produced at least 6 separate pleadings including a Motion to Dismiss, a Motion for Sanctions, two applications for hearing on shortened notice and two orders approving shortened notice applications, not to mention the time coordinating with the client to address the situation and gather evidence and with the Court spent at hearing on these motions.  The Firm's fees are entirely reasonable for the amount of legal services provided.

### III. CONCLUSION

In conclusion, sanctions are appropriate in this case due to the improper petition filed by Martinez/MAM, and the Moving Parties respectfully request that their expenses be awarded as sanctions.

Respectfully Submitted,

Dated: February 16, 2010                    Leslie Cohen Law, PC


                                            By:    *Leslie A. Cohen*
                                                   Leslie A. Cohen
                                                   Counsel for Moving Parties

**DECLARATION OF THOMAS CREED**

I, Thomas Creed, declare as follows:

1. I am the President and Manager of 57 Market Street, LLC. I am over the age of eighteen years old and have personal knowledge of the facts set forth herein, and if called as a witness would and could competently testify thereto.

2. Based upon my business dealings with Alex Martinez, I have known him to be a business savvy individual.

3. During the course of drafting the 57 Market Street LLC Operating Agreement, more than 30 email correspondences were sent among the involved parties, including Alex Martinez. Some of these emails are attached hereto as Exhibit A.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 16th Day of February 2010 at Venice, California.

                                            */s/ Thomas Creed*
                                            THOMAS CREED

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 506 Santa Monica Blvd. Ste. 200, Santa Monica, California 90401. On February 16, 2010, I served the within document(s) described as:

**REPLY TO OPPOSITION TO MOTION FOR SANCTIONS**

on the interested parties in this action as stated on the attached mailing list.

☒ (BY MAIL) By placing true copies of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in affidavit.

☐ (BY EXPRESS MAIL) By placing true copies of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list. I placed each such envelope for collection and overnight mailing following ordinary business practices. I am readily familiar with this firm's practice for collection and processing of Express Mail to be sent overnight by the U.S. Postal Service. Under that practice, it would be deposited on that same day in the ordinary course of business, with Express Mail postage thereon fully prepaid, in a post office, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the U.S. Postal Service for receipt of Express Mail.

☐ (BY OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, true copies of the foregoing document(s) in a sealed envelope or package designated by the express service carrier, addressed as set forth on the attached mailing list, with fees for overnight delivery paid or provided for.

☐ (BY FAX) By transmitting a true copy of the foregoing document(s) via facsimile transmission from this firm's facsimile machine, to each interested party at the facsimile machine telephone number(s) set forth on the attached mailing list. Said transmission(s) were completed on the aforesaid date at the time stated on the transmission record issued by this firm's sending facsimile machine. Each such transmission was reported as complete and without error and a transmission report was properly issued by this firm's sending facsimile machine for each interested party served. A true copy of each transmission report is attached to the office copy of this proof of service and will be provided upon request.

☒ (BY E-MAIL) By transmitting true copies of the foregoing document(s) to the e-mail addresses set forth on the attached mailing list.

I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 16, 2010, at Santa Monica, California.

| J'aime Williams | /S/ *J'aime Williams* |
|---|---|
| (Type or print name) | (Signature) |

1

**SERVICE LIST**

By Email:
    Dana Douglas  danadouglaslaw@aol.com

By Mail:
    57 Market Street LLC
    15456 Ventura Blvd, Ste 302
    Sherman Oaks, CA 91403-3021

    M Jonathan Hayes
    Law Office of M Jonathan Hayes
    9700 Reseda Bl Ste 201
    Northridge, CA 91324-5510

    United States Trustee (SV)
    21051 Warner Center Lane
    Suite 115
    Woodland Hills, CA 91367-6550

    Bay Area Financial Corp.
    12400 Wilshire Blvd., Suite 230
    Los Angeles, CA 90025-1055

    Chase Mortgage
    P.O. Box 78148
    Phoenix, AZ 85062-8148

    Davis & Lara LLP
    445 S Figueroa St., Suite 2700
    Los Angeles, CA 90071-1620

    Ian Mitchell
    3609 Seahorn Drive
    Malibu, CA 90265-5643

    MAM Wealth Management, LLC
    15456 Ventura Blvd., Suite 302
    Sherman Oaks, CA 91403

    We Phix
    15456 Ventura Blvd., Suite 302
    Sherman Oaks, CA 91403

    Hon. Judge Geraldine Mund
    U.S. Bankruptcy Court
    21041 Burbank Boulevard, Suite 342
    Woodland Hills, CA 91367

Declaration In Support of Ferguson Settlement Agreement