UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

FILED & ENTERED

FEB 23 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY pgarcia    DEPUTY CLERK

In re:

57 Market Street LLC,

Debtor

Case No: 1:09-bk-26620-GM

Chapter: 11

**MEMORANDUM OF OPINION REGARDING
MOTION FOR SANCTIONS**

New Date: April 7, 2010
Time: 10:00 a.m.
Location: Courtroom 303
21041 Burbank Blvd.
Woodland Hills,  CA 91367

57 Market St. LLC (57 Market) is a closely held limited liability company which owns the real property located at 57 Market St., Venice, CA.  The majority shareholders are Thomas and Sharon Creed.  The remaining shareholders are Stephen Foreht and MAM Wealth Management Real Estate Fund, LLP (MAM Wealth).  Sharon Creed, through her company Sheri Creed Strategic Imaging LLC, is a tenant (or perhaps the only tenant) at the building.  Alex Martinez and Ian Mitchell are the partners of MAM Wealth.

At the time of the filing of this case, there were three mortgages on the real property: the first to Chase Mortgage for about $1.8 million, guaranteed by the Creeds; the second to Bay Area Funding for about $200,000, also guaranteed by the Creeds; and a third for about $500,000 to MAM Wealth Management Real Estate Fund 1, LP.[1]

---

[1]   These "facts" are drawn from the moving and opposing papers and are not necessarily completely accurate, but they are sufficient for the purposes of this motion.  The movant refers to "MAM Wealth Management Real Estate Fund, LP" as a shareholder, while the opposition identifies the holder of the third trust deed as "MAM Wealth Management Real Estate Fund 1, LP."  Whether these are the same entity or related entities is not important for the purposes of this motion.

Although 57 Market was in default on all of its mortgages, only Bay Area Funding was proceeding to foreclosure.  The sale was scheduled for December 11. 2009.  This was the triggering event for what happened, although there is evidence in the file that disputes had arisen between the Creeds and the principals of MAM Wealth concerning the renovation of the building, the lack of rent received from Sharon Creed's company, and other items.  [See declaration of Alex Martinez dated January 4, 2010 and attached as exhibit A to the opposition to the motion to dismiss filed that date as docket #21.]

It is asserted by Martinez and supported by the realtor involved that on December 7 Martinez was contacted by a realtor who advised him that Creed intended to let the foreclosure sale take place and that Creed had a "straw" buyer who would buy the property and somehow get it back to the Creeds (presumably wiping out the MAM Wealth lien and the interest of the minority shareholders in 57 Market).  Because of this immediate threat, on December 7, Ian Mitchell (VP of 57 Market) and Alex Martinez (Treasurer and Managing Partner[2] of 57 Market) gave notice to the Creeds that there would be a meeting at noon on December 8 "to discuss and resolve the impending foreclosure and to mitigate the losses you have caused in your mismanagement of 57 Market Street LLC."  The notice also warned that if "you do not attend the meeting then we will proceed to act on behalf of 57 Market Street LLC to mitigate the damage that you have caused."  [See Motion to Dismiss, ex. 2.]

Only Martinez and Mitchell attended the meeting and at that time they attempted to remove Thomas Creed as President of the Company, to remove Sharon Creed as CEO of the Company, to appoint Alex Martinez as the new President, and they resolved to place the

---

[2]   On the notice of the meeting, Martinez identifies himself as "Treasurer and Managing Partner" of 57 Market.  In the Operating Agreement he is assigned the position of Treasurer.  Thomas Creed is the Manager.  This is an LLC and not a Partnership, so the identification on the notice is confusing to the court, but not relevant to this motion.

Company in bankruptcy.[3]  [See Motion to Dismiss, ex. 3.]  At 7:49 p.m. on December 9, a voluntary chapter 11 petition was filed on behalf of 57 Market, signed by Alex Martinez as "Managing Member."

57 Market operates under an Operating Agreement dated January 4, 2008.  This Operating Agreement was accepted in writing by Thomas Creed (apparently also on behalf of his wife), MAM Wealth, and Foreht.[4]  The Operating Agreement created the governance structure for 57 Market.  Article VI of the Operating Agreement controls meetings of the members.  It incorporates the terms of the Beverly-Killea Limited Liability Company Act.  Part of that act is Cal. Corp. Code §17104(c)(1), which requires at least ten days' written notice of any meeting at which action is taken.  The Operating Agreement also allows actions without a meeting, without prior notice, and without a vote if it is called by the members who hold at least the minimum percentage interests which authorize the action.  According to the declaration of Thomas Creed, MAM Wealth Management Real Estate Fund, LP is a 33% member.  Only that entity was present at the meeting.

Although the term "minimum percentage interest" does not seem to be defined by the Operating Agreement, basically this Operating Agreement requires that any action taken, even at a properly noticed meeting, must be by unanimous consent of the members.  [See for example, Article VI, §6.1.]  But even more specifically, the filing of a bankruptcy petition requires approval of 100 percent of the Membership Interests.  [Article V, §5.4(a).]  Since only 33% of the Membership Interests voted to approve initiation of the bankruptcy, even if the meeting had been valid, the filing of the bankruptcy was unauthorized and a violation of the Operating Agreement.

---

[3]  The minutes of the meeting of December 8 only use the title "President" for Martinez and no longer identify him as "Managing Partner."

[4]  A copy of the Operating Agreement is attached to the Motion to Dismiss (docket #6) as Exhibit 1.

The opposition to this motion for sanctions is largely that if Martinez had not acted in the manner described, the property would have been lost and that this was solely due to some scheme of the Creeds whereby Sharon failed to pay rent. They allege that there was a scheme so that the sale would have returned the property to the Creeds without the liens and interests of MAM Wealth. This is not an excuse for filing an unauthorized bankruptcy. There were certainly other methods, one of which was to sue the Creeds after the fact to set aside the sale (if their strawman purchased) or for damages for intentional injury to the LLC or for mismanagement. The asserted emergency nature of the filing does not excuse the actions taken by Martinez and MAM Wealth.

When this petition was filed, not only was it unauthorized, but Alex Martinez stated under penalty of perjury that he was "Managing Member" and that "I have been authorized to file this petition on behalf of the debtor." Both were untrue statements. While Martinez tried to take over the presidency of 57 Market at the unauthorized meeting, the role of Managing Member (Manager) is reserved by the Operating Agreement to Thomas Creed or his appointee. If Thomas Creed was absent or could not designate the Manager, Sharon Creed was authorized to do so. [Article V, §§5.1, 5.2.] Thus even a legal meeting of the members could not remove Thomas Creed from this position without amending the Operating Agreement.

<u>Legal Basis for Sanctions</u>

Based on the facts before me, this petition was an abuse of the law since the debtor did not qualify as a debtor because the petition was filed without the requisite corporate authority. It also contained a false statement in that Martinez identified himself as the Managing Member and even under the emergency meeting he had no claim to that title. Further, he made a false

oath since he knew that the bankruptcy was not properly authorized.  Lastly, the case was filed

to stop what appears to be a properly scheduled foreclosure sale by a third party.

The particular motion presently before the court is limited to sanctions under Rule

9011(b)(2) and (b)(3).  The Notice of Motion (docket #8) states:

> This Motion will be made on the grounds that Alex Martinez, the individual
> who filed the voluntary chapter 11 petition on behalf of 57 LLC, did not have the
> requisite authority under state law, and the operating agreement of the LLC, to
> authorize the bankruptcy filing as required by the Supreme Court case Price v.
> Gurney, 324 U.S. 100 (1945), and that the assertions of authority in signing the
> bankruptcy petition are violations of F.R.B.P. 9011(b)(2) and (3).

FRBP 9011(b) states:

> By presenting to the court (whether by signing, filing, submitting, or later
> advocating) a petition, pleading, written motion, or other paper, an attorney or
> unrepresented party is certifying that to the best of the person's knowledge,
> information, and belief, formed after an inquiry reasonable under the
> circumstances,—
> (2) the claims, defenses, and other legal contentions therein are warranted
> by existing law or by a nonfrivolous argument for the extension, modification, or
> reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support
> or, if specifically so identified, are likely to have evidentiary support after a
> reasonable opportunity for further investigation or discovery; . . .

FRBP 9011(c)(2)(A) states:
> Monetary sanctions may not be awarded against a represented party for a
> violation of subdivision (b)(2).

The first issue is whether 9011(b)(2) applies to these facts and, if so, can there be a

monetary sanction against Martinez and/or MAM Wealth since the petition was also signed by

Jonathan Hayes, as attorney for the chapter 11 debtor.  The opposition makes no claim that

Martinez and/or MAM Wealth were represented by Hayes.  The mere fact that Hayes'

signature appears on the petition does not necessarily mean that he was representing

Martinez.  In fact, he signed as counsel to the corporation and not to its individual directors or

officers.  There is nothing to show that Martinez was represented by an attorney in the filing of

this petition.  Thus sanctions are not prohibited against Martinez by virtue of FRCP

9011(c)(2)(A) for his statement that he had the legal authority to file bankruptcy on behalf of

the corporation.  However, he did not sign on behalf of MAM Wealth and the court does not

find the FRCP 9011 really applies to MAM Wealth.

As to 9011(b)(3), there really is no argument that Martinez believed or could have

believed that he had unilateral authority to file the bankruptcy.  He acted in desperation to stop

the foreclosure sale.

This court finds that it can award sanctions against Martinez personally under FRBP

9011(b)(2) and 9011(b)(3).  As to MAM Wealth, that entity's actions were not in the realm of

FRBP 9011.  The improper meeting was a matter of corporate governance before the

bankruptcy was filed.  Martinez signed the bankruptcy petition on his own behalf as Managing

Member of 57 Market, a position not given him at the meeting.  Although MAM Wealth, which

is a shareholder in 57 Market, called the meeting and authorized the filing, it was Martinez who

actually acted.  Thus, damages for the improper meeting itself should be sought elsewhere

than in the bankruptcy court.

Sanctions are available under FRBP 9011, as requested in this motion.  But to the

extent that there are limitations in FRBP 9011 because Martinez is not an attorney or because

MAM Wealth did not sign the bankruptcy petition, sanctions are also available in bankruptcy

matters under the inherent powers of the court as well as under FRBP 9011.

The leading case in the Ninth Circuit is In re Rainbow Magazine, Inc., 77 F.3d 278 (9th

Cir. 1996), which allowed Rule 9011 sanctions against the president of the debtor corporation

and affirmed other sanctions against him based on the court's inherent powers.  The president

had filed a misleading and inaccurate petition by listing as its address the legal office of the

president's personal attorney, which was in Orange County, so as to "venue shop." It also

failed to disclose a related proceeding in San Bernardino or Riverside County. The property

that the bankruptcy was meant to protect had been transferred to the debtor on the eve of a

foreclosure sale. Things went from bad to worse and eventually the bankruptcy court

sanctioned the president. Part of the sanctions was under FRCP 9011 in that the president

had signed the Statement of Affairs and failed to list therein several transfers of the property.

This false Statement of Affairs as well as his failure to disclose the disputed transactions

during three depositions required the other side to spend many hours of time. Sanctions were

deemed appropriate by the ninth circuit, even though the debtor and the president were

represented by counsel.

The ninth circuit further upheld Judge Naugle's award of sanctions under the inherent

power of the bankruptcy court and under 11 USC §105(a). This is now the universally

accepted legal doctrine.

In In re Courtesy Inns, Ltd., Inc., 40 F.3d 1084 (C.A.10 (Colo.1994)) the president of a

corporation signed a petition putting the corporation in chapter 11 so as to prevent a

foreclosure sale on the sole asset of the corporation. The Tenth Circuit affirmed the sanctions

award against the corporate president after the petition had been dismissed as having been

filed in bad faith. Because the president had signed the petition in his corporate capacity but

the petition was not signed by an attorney and the corporation was insolvent, after a long

discussion the Tenth Circuit did not pursue sanctions under Rule 9011, but affirmed them as a

proper act of the bankruptcy court under its inherent powers.

In In re Suk Kim, 2010 WL148635 (Bankr. D. Hawaii, 2010) Judge Faris dealt with the

kind of case that every judge hates. He properly described it as a "prizefight." He summarized

the law of the Ninth Circuit as follows: "If a rule or statute does not adequately compensate a

party for the other's bad faith conduct, the court can rely on its inherent equitable powers to impose sanctions."  [Citing In re DeVille, 280 B.R. 483, 494 (B.A.P. 9th Cir. 2002), aff'd 361 F.3d 539 (9th Cir. 2003).]  "The inherent power to sanction gives the bankruptcy court the authority to impose sanctions to 'deter and provide compensation for a broad range of improper litigation tactics.'"  [Quoting from In re Dyer, 322 F.3d 1178, 1196 (9th Cir. 2003).]  Thus, even though the motion for sanctions in the present case was limited to rule 9011, this does not limit the court's authority to employ its inherent sanctioning powers for any bad faith or willful misconduct.

Since the motion was brought exclusively under FRCP 9011, the only issue about including inherent sanctions as a basis of this award is whether Martinez and MAM Wealth had sufficient notice to afford them due process.  I believe that they did since the actions upon which the motion was based were exactly the same ones that also support inherent sanctions and since the basis of the monetary award is also identical.

The focus of the award in In re Marsch, 36 F.3d 825 (9th Cir. 1994) was the amount of attorney's fees and costs incurred in fighting the petition which was improperly filed in order to avoid posting a appeal bond.  The ninth circuit held that a restitutionary award compensating the opposing party for unnecessary litigation expenses - as opposed to a punitive fine paid to the court - is a particularly appropriate sanction in cases involving manipulative petitions filed principally for purposes of delay and harassment.

Martinez acted so as to file an unauthorized case for a company which did not qualify as a debtor.  The petition was a result of improper use of the corporate structure and was filed solely to delay the foreclosure sale.  This was a bad-faith use of the bankruptcy court and Martinez is liable for the fees and costs that the other side incurred.

## Amount of Sanctions

The movant seeks an award for services provided by five entities.  The ruling on each of them is as follows:

Foreht Associates, LLP – seeks $4,000.  This appears to be either the attorney for Stephen Foreht (one of the shareholders in 57 Market) or Mr. Foreht himself.  Either way, there is no breakdown of the work done, when, who, what, hourly rate, etc.  DENY ALL AMOUNTS.

M3 Management, Inc. – seeks $2,500.  The only description is "consulting services re: MAM Investors / 57 Market Street, LLC."  This also lacks any details which would allow compensation.  DENY ALL AMOUNTS.

Really Fixed – seeks $2,037.50.  At least this has a breakdown and the $50 per hour rate indicates that this is some sort of management company rather than an attorney.  But once again there is no explanation of what work was really done and how that fits into the opposition to the bankruptcy filing or the results of that filing.  There is no justification or explanation of how this entity spent all day long on the itemized tasks.  For example, on 12/15 the invoice reflects 5.25 hours as "bankruptcy correspondence with counsel and Creeds."  The day before that the invoice notes 6.5 hours for "bankruptcy review paperwork; eMail correspondence with Foreht; teleconference with Harouni."  This is just not reasonable. Further, dealing with the title company and an audit of the Bay Area note (that was held by the foreclosing creditor) cannot be attributed to the bankruptcy case.  DENY ALL AMOUNTS.

Law Offices of Kaivon Harouni – This appears to be the attorney for 57 Market or for the Creeds or both.  The fees on December 10 are warranted.  The work over the next four days was probably done, but is not sufficiently itemized for me to tell whether is it all compensable. At some point in time Ms. Cohen's firm was hired and she took over the bankruptcy issues.  As to the "partial complaint for state court and motion for injunctive and declaratory relief for state

court," those are not compensable as sanctions from this court since they do not directly deal

with the bankruptcy.  In fact, this whole case should have been in state court in the first place.

ALLOW FEES OF $875 FOR THE WORK DONE ON DECEMBER 10 AND CONTINUE FOR

DETAILED BILLING DESCRIPTIONS FOR THE WORK DONE AS A RESULT OF THE

BANKRUPTCY FILING ON DECEMBER 11-15.

    <u>Leslie Cohen Law PC</u> – This invoice contains no dates, so it is impossible for the court

to rule on it.  CONTINUE FOR A DETAILED INVOICE WITH DATES WHEN THE WORK WAS

DONE.


    The supplemental information for the Law Offices of Kaivon Harouni and for Leslie

Cohen Law PC are to be filed and served within seven days of the entry of this order.  Martinez

will have seven days thereafter to file any specific response to that supplemental information.

The hearing on February 23 at 10:00 a.m. is off calendar.  This matter is continued to April 7 at

10:00 a.m.  It is likely that prior to that time there will be a final order in this matter.

###

DATED: February 23, 2010

_____
United States Bankruptcy Judge

**NOTE TO USERS OF THIS FORM**:

**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4) Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief.  <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **MEMORANDUM OF OPINION REGARDING MOTION FOR SANCTIONS**

was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of_____, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☐ Service information continued on attached page

**II.  <u>SERVED BY THE COURT VIA U.S. MAIL:</u>** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

☒ Service information continued on attached page

**III.  <u>TO BE SERVED BY THE LODGING PARTY</u>**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page

**ADDITIONAL SERVICE INFORMATION** (if needed):

| Category I (Served by the Court via Notice of Electronic Filing ("NEF"). | Category II (Served by Court via U.S. mail). |
|---|---|
| | **57 Market Street LLC**<br>15456 Ventura Blvd, Ste 302<br>Sherman Oaks, CA 91403 |
| | **M Jonathan Hayes**<br>Law Office of M Jonathan Hayes<br>9700 Reseda Bl Ste201<br>Northridge, CA 91324 |
| | Dana Douglas<br>16235 Devonshire Street No 19<br>Granada Hills, CA 91344 |
| | Leslie Cohen<br>506 Santa Monica Blvd. Suite 200<br>Santa Monica, CA 90410 |
| | Bay Area Financial Corp.<br>12400 Wilshire Blvd. Suite 230<br>Los Angeles, CA 90025-1055 |
| | Chase Mortgage<br>P.O. Box 78148<br>Phoenix, AZ 85062-8148 |
| | Davis & Lara LLP<br>445 S. Figueroa Street Suite 2700<br>Los Angeles, CA 90071-1620 |
| | Ian Mitchell<br>3609 Seahorn Drive<br>Malibu, CA 90265-5643 |
| | MAM Wealth Management<br>15456 Ventura Blvd. Suite 302<br>Sherman Oaks, CA 91403 |
| | Law Offices of Kaivon Harouni<br>9025 Wilshire Blvd. PH<br>Beverly Hills, CA 90211 |
| | Foreht Associates LLP<br>Stephen R. Foreht<br>228 E 45th Street 17th Floor<br>New York, NY 10017 |